# PROVIDENCE COUNTY.

## STATE *vs.* WILLIAM O. FLETCHER.

An appeal taken under Pub. Laws R. I. cap. 889, § 41, of April 29, 1881, is good, whether the recognizance required by § 42 of the same chapter is or is not given.

A complaint alleged that the defendant on "Sunday, the third of July," unlawfully kept intoxicating liquors with intent to sell.

*Held,* that the word "Sunday" was surplusage, or at most limited the evidence to that day, but that its insertion was no reason to dismiss the complaint.

Under Pub. Laws R. I. cap. 889, of April 29, 1881, Justice Courts have, by necessary implication, jurisdiction over the offences which it creates in §§ 21 and 22.

EXCEPTIONS to the Court of Common Pleas.

Gen. Stat. R. I. cap. 186, § 1, provide :

" Every justice court shall have exclusive jurisdiction and cogni-

zance of all crimes, offences, and misdemeanors done or committed within the town in which it is established, punishable by fine not exceeding twenty dollars, or by imprisonment not exceeding three months; and of all other criminal matters which are or shall be declared specially to be within the jurisdiction of such court by the laws of the State, which shall be legally brought before such court; with power to proceed to trial, render judgment, pass sentence, and award a warrant for execution thereof."

Pub. Laws R. I. cap. 889, of April 29, 1881, provide:

"SECT. 21. If any person shall, at any time, offer to sell, sell, or suffer to be sold by any person, by sample or otherwise, any ale, wine, rum, or other strong or malt liquors, or any mixed liquors, a part of which is ale, wine, rum, or other strong or malt liquors, in violation of the preceding sections of this chapter or any of them, he shall be sentenced on the first conviction to pay a fine of twenty dollars and all costs of prosecution and conviction, and be imprisoned in the county jail for ten days; on the second conviction he shall be sentenced to pay a fine of fifty dollars and all costs of prosecution and conviction, and be imprisoned in the county jail three calendar months; and on the third and every subsequent conviction he shall be sentenced to pay a fine of one hundred dollars and all costs of prosecution and conviction, and be imprisoned in the county jail not less than three months, nor more than six calendar months.

"SECT. 22. If any person shall keep or suffer to be kept on his premises or possessions, or under his charge, for the purposes of sale, in violation of the preceding sections of this chapter, or any of them, any ale, wine, rum, or other strong or malt liquors, or any mixed liquors, a part of which is ale, wine, rum, or other strong or malt liquors, he shall be fined twenty dollars, and be imprisoned in the county jail ten days.

"SECT. 23. Every person who shall keep a place in which it is reputed that intoxicating liquors are kept for sale, without having a license therefor, except as provided in § 56 of this chapter, shall be fined not more than twenty dollars, or imprisoned not more than thirty days, or both.

"SECT. 24. The following forms may be used in prosecutions under §§ 21 and 22 of this chapter, and if substantially followed

shall be sufficient in law to fully and plainly, substantially and formally, describe the offences set forth in said sections respectively, and to authorize the lawful doings of the officers acting under and by virtue of the warrants and other process issued in substantial conformity therewith; but this shall not be so construed as to prohibit the use of other suitable forms.

FOLLOW THE FORMS.

" SECT. 28. Every person who shall bring into this State, or who shall convey from place to place within the same, any such liquor, with intent to sell the same himself, or to have the same sold by another, or having reasonable cause to believe that the same is intended to be sold by any other person, in violation of the provisions of this chapter, shall be fined twenty dollars.

" SECT. 29. Every expressman, common carrier, or other person, who shall, for the purpose of carrying to any other person, receive any such liquor which has been sold, or is intended for sale, in violation of this chapter, he having reasonable cause to believe that the same has been, or is intended to be sold, shall be fined twenty dollars, and may be prosecuted therefor in the town where such liquor may have been received, or in any town through or into which it may have been carried.

" SECT. 30. Every person having authority from any railroad company to receive goods to be transported by such company, who shall receive any spirituous or intoxicating liquor which has been sold, or is intended for sale, in violation of this chapter, for the purpose of having the same transported on such railroad, and having reasonable cause to believe that the same has been so sold, or is intended for sale, shall be fined twenty dollars.

. . . . . . . . . . . .

" SECT. 40. All fines recovered under §§ 21, 22, and 23 of this chapter shall enure, one half to the use of the State, and the other half to the complainant; and in all such complaints, judgment rendered upon a subsequent complaint for the same offence shall be no bar, or prevent judgment upon the merits being rendered on any prior complaint, and the pendency of the former complaint may be pleaded in bar of the second complaint.

" SECT. 41. Any person convicted before a Justice Court of any offence under this act may appeal from the sentence of such court

to the Court of Common Pleas, next to be holden in the same county, after ten days : *Provided*, such appeal be prayed at the time of passing sentence.

" SECT. 42. Upon such prayer of appeal the appellant shall be required to give recognizance in the sum of one hundred dollars, with good and sufficient sureties, in every case so appealed, with condition that he will file his reasons of appeal, in the court appealed to, on or before the second day of the term thereof, that he will appear before said court, and there prosecute his appeal with effect, and abide or perform the order or sentence of said court in said case, and that he will not, during the pendency of such appeal, violate any of the provisions of this chapter ; which recognizance such Justice Court shall forthwith certify to said Court of Common Pleas."

Under these statutory provisions a complaint was brought against the defendant as follows :

" *To William H. Clapp, Esquire, Clerk of the Justice Court of the Town of Pawtucket, in the County of Providence, in the State of Rhode Island and Providence Plantations.*

" Randall H. Rice, Chief of Police of the town of Pawtucket, in said county, on oath complains, in the name and behalf of the State, that at said Pawtucket, in said county, on Sunday, the third day of July, A. D. 1881, with force and arms, William O. Fletcher, of said Pawtucket, laborer, without lawful authority, did then and there keep and suffer to be kept, on his premises, in his possession, and under his charge, ale, wine, rum, and other strong and malt liquors, and mixed liquors, a part of which was ale, wine, rum, and other strong and malt liquors, with intent to sell the same in this State, against the statute, and the peace and dignity of the State.

" Wherefore he prays advice, and that process may issue, and that the said respondent may be apprehended and held to answer to this complaint, and be further dealt with relative to the same according to law.

" Dated at Pawtucket, this 5th day of July, A. D. 1881.

" RANDALL H. RICE,
" *Chief of Police of the Town of Pawtucket.*"

" PROVIDENCE, SC.    In Pawtucket, this 5th day of July, A. D. 1881, personally came Randall H. Rice, subscriber to the above complaint and made oath to the truth of the same.

"Before me,                                    WM. H. CLAPP,
                  " *Clerk of the Justice Court of the Town of Pawtucket.*"

In the Justice Court the defendant was convicted and sentenced to pay a fine of $20 and costs, and to imprisonment for ten days.   He appealed to the Court of Common Pleas, and the Justice Court accepted a recognizance with one surety.   In the Common Pleas, the defendant moved to dismiss the appeal because but one surety had been taken on the recognizance.   The court overruled the motion ; the defendant excepted, pleaded "not guilty," and moved to dismiss the case.

1. "Because the complaint was for unlawfully keeping the liquors mentioned in the complaint, on Sunday, the 3d day of July, A. D. 1881, and there was no law forbidding the keeping of said liquors on Sunday as charged.

2. "Because no offence was charged which is known to the law.

3. "Because no offence was charged for which the defendant can be sentenced."

The court overruled this motion ; the defendant excepted, retracted his former plea, pleaded "*nolo contendere*," and moved in arrest of judgment, "because the Justice Court of Pawtucket aforesaid had no jurisdiction" to impose both a fine and imprisonment for the same offence.   This motion was also overruled by the court, and exception taken by the defendant.

*January* 19, 1882.   PER CURIAM.   The appeal allowed under Pub. Laws R. I. cap. 889, § 41, of April 29, 1881, is not dependent on the recognizance prescribed by § 42, but remains good, whether the recognizance is given or not.   The complaint was therefore properly before the Court of Common Pleas on appeal, and the appellant was triable there, however defective or invalid the recognizance may have been.

We think the word " Sunday," used in the complaint, is either to be regarded as without effect, being simply surplusage, or at most as having the effect of superfluous description to limit proof

to the Sunday named. It does not essentially alter the charge, and afforded no ground for dismissal.

Chapter 889 does not expressly confer jurisdiction over the offences created by it on any particular tribunal. · Some of the offences, however, are clearly within the jurisdiction of Justice Courts as conferred by Gen. Stat. R. I. cap. 186, § 1. Violations of §§ 28, 29, and 30 are so. The complaint here is for a violation of § 22, and is not in our opinion within the jurisdiction there conferred, the jurisdiction there conferred extending only to offences punishable by fine *or* imprisonment, not to offences punishable by fine *and* imprisonment. We think, however, that, while the jurisdiction is not conferred by Gen. Stat. R. I. cap. 186, nor by Pub. Laws R. I. cap. 889, in express terms, it is conferred by cap. 889 by implication. Section 24 provides forms of procedure for prosecutions under §§ 21 and 22, the procedure being by complaint and warrant in a Justice Court. The implication from this is very strong that the General Assembly intended that Justice Courts should have the jurisdiction; for though the forms might be used in a preliminary proceeding to bind over, it is highly improbable that they would be provided for it, form being considered of minor importance in such a proceeding. If, however, there could still be doubt on this point, the doubt is completely removed by § 40, which reads as follows, to wit: "All fines recovered under §§ 21, 22, and 23 of this chapter shall enure, one half to the use of the State, and the other half to the complainant; and in all such complaints, judgment rendered upon a subsequent complaint for the same offence shall be no bar, or prevent judgment upon the merits being rendered on any prior complaint, and the pendency of the former complaint may be pleaded in bar of the second complaint." It is perfectly evident that the complaint here designated is not a complaint used in a proceeding to bind over, but one in which a fine may be recovered and final judgment rendered; and inasmuch as there is no provision for the prosecution of criminals by complaint otherwhere than in Justice Courts, except on appeal, the conclusion is inevitable that Justice Courts were intended to have complete original jurisdiction to try and determine all offences under §§ 21 and 22. Our decision is that they do have it.

The exceptions are therefore overruled, and the cause remanded for sentence.                                    *Exceptions overruled.*

*Samuel P. Colt*, Assistant Attorney General, for plaintiff.

*Hugh J. Carroll*, for defendant.